## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL THOMAS SMITH and<br>LETHA SMITH, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  Case No. 07-CV-153-GKF-SAJ<br>) |
| HENSEL PHELPS CONSTRUCTION<br>COMPANY, a foreign corporation;<br>RICHARD JEZO MARTIN;<br>COOPER TRUCKING COMPANY, a<br>foreign corporation; LARRY COOPER, d/b/a<br>COOPER TRUCKING; WILSHIRE INSURANCE<br>COMPANY, a foreign insurer; and JOHN C.<br>McEVOY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## O P I N I O N   A N D   O R D E R

This matter comes before the Court on Plaintiffs' Motion to Remand. [Docket No. 14].

Plaintiffs contend that removal from state court was untimely.

Defendant "Cooper Trucking Company" filed an answer on September 29, 2006 in the

District Court of Mayes County, Oklahoma. [Docket No. 2-3, pp. 66-70]. On January 24, 2007,

counsel for Larry Cooper informed plaintiffs' counsel that Cooper Trucking is a sole proprietorship

owned by Larry Cooper, not a corporation. [Docket No. 14-2, pg. 3]. Plaintiffs filed a First

Amended Petition, which counsel for Larry Cooper received by agreement on or before February

2, 2007. [Docket No. 14-2, pp. 3-10]. On February 2, 2007, counsel for Larry Cooper agreed that

the First Amended Petition correctly identified his client, Larry Cooper, in Count One thereof, but

requested that a Second Amended Petition be filed naming Larry Cooper in the style of the case.

[Docket No. 14-2, p. 10]. Plaintiffs added Larry Cooper to the style of the case in a Second

Amended Petition filed in state court on February 9, 2007. Defendant Larry Cooper d/b/a Cooper

Trucking removed the action to federal court on March 12, 2007.

Federal law provides that removal of a proceeding shall occur within 30 days of receipt of the civil action or within 30 days after receipt of the first pleading or paper from which it can be determined that the action is removable.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Under Oklahoma law, the firm name and the sole proprietor's name are but two names for one person. *Bishop v. Wilson Quality Homes*, 986 P.2d 512, 514-515 (Okla. 1999). Where a person engages in business and executes contracts under such name, he may be sued under such name. *Id.* Similarly, it is the settled rule under Iowa law that an action may be prosecuted or defended in a trade name. *Keeling v. Priebe*, 257 N.W. 199, 200 (Iowa 1934).

Premises considered, this Court concludes that removal by Larry Cooper d/b/a Cooper Trucking on March 12, 2007 was untimely under 28 U.S.C. § 1446(b). The case stated by the initial pleading was removable, but the sole proprietorship did not remove within thirty days. In the alternative, the case stated by the First Amended Petition was removable when counsel for the sole proprietor received service by agreement by February 2, 2007. However, the sole proprietor did not remove within thirty days.

Pursuant to 28 U.S.C. § 1447(c), plaintiffs are awarded their actual expenses, including attorney fees and costs, incurred as a result of the removal. Plaintiffs may file a motion for such fees and costs within twenty (20) days if the parties are unable to reach agreement as to the appropriate amounts. If plaintiffs find it necessary to file a motion, the defendants may respond within eighteen (18) days, and plaintiffs may reply within fourteen (14) days thereafter.

WHEREFORE, Plaintiffs' Motion to Remand [Docket No. 14] is granted. The Court Clerk is hereby directed to remand this action to the District Court in and for Mayes County, State of Oklahoma.

IT IS SO ORDERED this 19th day of October 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma